**The DOW CHEMICAL COMPANY,
Plaintiff,**

v.

**Douglas M. COSTLE, Administrator,
Environmental Protection
Agency, Defendant.**

Civ. A. No. 76–10087.

United States District Court,
E. D. Michigan, N. D.

April 4, 1978.

---

Joseph E. Stevens, Jr., Robert D. Youle, Stephen W. Jacobson, Gary Dyer, Kansas City, Mo., John G. Gleeson, Terrence G. Linderman, Dow Chemical Co., Midland, Mich., for plaintiff.

Barbara Allen Babcock, Bruce E. Titus, Thomas W. Hussey, Dan Metcalfe, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This is a civil action in which plaintiff challenges the procedures and practices of defendant in implementing the provisions of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA); as amended by Section 2 of Pub.L.No.92–516 (October 21, 1972) and by Section 12 of Pub.L.No.94–140 (November 28, 1975), 7 U.S.C. § 136 *et seq.* The First Amended Complaint was set out in five counts. A preliminary injunction was entered on Count I on motion by the plaintiff: see 423 F.Supp. 1359 (E.D. Mich. 1976). A final judgment has been entered on Count II, and Count IV has been dismissed, both by stipulation of the parties. Partial summary judgment on Count III was entered in favor of the plaintiff on November 16, 1977, with the Court determining that the factual issues in said count should be remanded to the Administrator. The only issues remaining are those set forth in Counts I and V, and the parties have filed a stipulation of facts on these issues. The Court will now consider those issues on the parties' cross-motions for summary judgment.

Before a pesticide may be marketed in interstate commerce, FIFRA, as amended, requires that a registration for such pesticide be granted by defendant, the Environ-

mental Protection Agency. In order for such registration to issue, the applicant for registration is required to demonstrate to the satisfaction of the Administrator that the product is safe and effective. Such demonstration requires that a substantial amount of safety and efficacy data be submitted in support of an application for registration.

In amending FIFRA in 1972, Congress allowed the Administrator to consider data submitted in support of an application for registration of one product in determining whether registration of a product produced by another would be granted. This statutory allowance was made subject to two limitations. The first is that the data may not be considered in support of another's application for registration unless an offer of compensation is made to the party who had submitted the data to the EPA. The second limitation is that data which is protected from disclosure under section 10(b) of FIFRA may not be used in support of another's application for registration. Both of these limitations can be waived by the party who submitted the data. Section 3(c)(1)(D) of FIFRA, as amended, 7 U.S.C. § 136a(c)(1)(D), provides in part:

"... data submitted on or after January 1, 1970, in support of an application shall not, without permission of the applicant, be considered by the Administrator in support of any other application for registration unless such other applicant shall have first offered to pay reasonable compensation for producing the test data to be relied upon and such data is not protected from disclosure by Section 10(b)."

Plaintiff makes two distinct claims in Count I, alleging that the Administrator is violating both of the limitations set forth in Section 3(c)(1)(D) by using and considering data submitted by Dow in determining whether to grant applications for registration submitted by others. Dow asserts that offers of compensation have not been made to it as required by Section 3(c)(1)(D). Dow asserts also that the Administrator is using data submitted by Dow which is protected from such use under the provisions of Section 3(c)(1)(D), which prohibits use of data protected from disclosure under Section 10(b). The effect of such "use" by the Administrator is that competitors of Dow are able to meet registration requirements without actually submitting any test data by relying on data submitted previously by Dow.

FIFRA as amended by Section 12 of Pub. L.No.94–140 (November 28, 1975), limits the compensation requirement under Section 3(c)(1)(D) to ". . . data submitted on or after January 1, 1970, . . ." This limitation was not contained in FIFRA as amended in 1972, when the compensation requirement of Section 3(c)(1)(D) was first enacted. Plaintiff asserts that the original enactment of Section 3(c)(1)(D) provided plaintiff with a right to compensation for all data previously submitted and that the limitation to data submitted on or after January 1, 1970, in FIFRA as amended in 1975, is a taking of plaintiff's property without just compensation in violation of the Fifth Amendment of the United States Constitution. Plaintiff seeks to have the Court declare unconstitutional the limitation added in 1975 and thereby to require that an offer of reasonable compensation be made to Dow for any data previously submitted by it as a prerequisite to the Administrator using such data in support of another's application for registration of a pesticide. In response, it is defendant's position that Congress did not change substantive rights in the amendment to FIFRA in 1975 because it was unclear as to when Section 3(c)(1)(D) was to become effective. Defendant asserts also that the Court is without jurisdiction over this issue because plaintiff has an adequate remedy at law in the Court of Claims under the Tucker Act.

The issues raised in Count I were considered preliminarily in the Court's grant of preliminary injunctive relief on December 23, 1976. The Court limited the scope of the injunction to data submitted by plaintiff on or after January 1, 1970, finding that plaintiff had failed to establish preliminarily that it had no adequate remedy un-

der the Tucker Act on its claim that the amendment to FIFRA in 1975 is unconstitutional. As to data submitted on or after January 1, 1970, the Court ruled that absent plaintiff's consent, the Administrator was prohibited from any consideration or use of such data in support of another's application for registration of a pesticide unless certain conditions were met. The first condition was that the applicant who seeks to rely on such data has specifically identified to plaintiff the data or information involved and has offered to pay to plaintiff reasonable compensation. The second condition was in regards to data which had been clearly marked as pertaining to trade secrets or commercial or financial information as provided by 7 U.S.C. § 136h(a), that a proper determination had been made that such data was not subject to protection under Section 10 of FIFRA, as amended.

In the Court's Memorandum Opinion and Order of November 16, 1977, the Court found that the Administrator has made no determination as required by 10(b) of FIFRA applying proper legal standards to the data encompassed in Count III of the Amended Complaint and has provided plaintiff with no adequate opportunity to present evidence to support its assertions that test data submitted by it relates to trade secrets protected by 10(b). The Court ruled that an injunction and remand to the Administrator was the proper remedy and that on remand plaintiff shall have the burden of identifying the data it seeks to protect from disclosure under Section 10(b) and to present information to support its respective claims. The Court further ruled that the Administrator's obligation is to apply the criteria set forth in S.Rep.No.92–838, 92nd Cong., 2d Sess., pt. 2 (1972) at p. 72, U.S.Code Cong. & Admin.News 1972, p. 3993 in accordance with the restatement definition of trade secrets and to provide an adequate basis and revisions for its decision even without a hearing. On December 1, 1977, the Court ruled that if plaintiff is able to establish that defendant did not make a proper determination in regards to the Section 10(b) status of data encompassed in Count I, and that the Administrator has nevertheless considered such data under Section 3(c)(1)(D), that an injunction would issue on Count I, enjoining consideration without a proper administrative determination, and that the factual issues of which data are protected from consideration or disclosure would be remanded to the Administrator in the same manner in Count I as in Count III.

Subsequently, the parties filed a complete stipulation of facts in Counts I and V. Accordingly, the Order of Reference to United States Magistrate as a Special Master is hereby VACATED and the previous denial of the cross-motions for summary judgment on Counts I and V is SET ASIDE and the motions are REINSTATED.

■ In the parties' stipulations, the parties have agreed that defendant has considered under Section 3(c)(1)(D) of FIFRA of 1972 and as amended data previously submitted to the EPA and its predecessors both before and after January 1, 1970, in support of applications by third parties for pesticide registrations. With respect to plaintiff's claims under Count I of its Amended Complaint, the active ingredients for which plaintiff has submitted data are itemized on Exhibit "A", attached to the stipulation submitted on December 9, 1977. The parties have stipulated that plaintiff has asserted Section 10(b) status for some of such data, and that defendant has never made an administrative determination of the status of such data under Section 10(b) as that provision was construed by the Court on November 16, 1977. The parties have stipulated that it appears to the defendant that he would find it necessary to rely on such data submitted by plaintiff to grant pending applications for pesticide registration by third parties and that defendant has never required applicants to make their offers to pay reasonable compensation directly to plaintiff. Based on these uncontroverted facts, the Court finds that the preliminary findings on Count I on December 23, 1976, in which plaintiff was granted preliminary injunctive relief, have been established finally and that a permanent injunction should issue. As provided

previously, the factual issues as to whether particular items of data are protected from consideration by Section 10(b) and Section 3(c)(1)(D) of FIFRA shall be remanded to the Administrator in the same manner in Count I as in Count III.

A remaining issue is whether the injunction should apply to all data submitted by plaintiff to the defendant and his regulatory predecessors or only to data submitted on or after January 1, 1970.

Defendant has discussed in great length the ambiguity in FIFRA as amended in 1972 as to when the provisions of Section 3(c)(1)(D) became effective. As amended in 1972 by Pub.L.No.92–516, Section 4(c)(1), 1972 U.S.Code Cong. & Admin.News, pp. 1139, 1170, the act provided that within two years the Administrator shall have promulgated regulations and thereafter shall register all new applications under such provisions. This statutory provision suggests that Section 3(c)(1)(D) did not take effect immediately and left in question whether the provisions of Section 3(c)(1)(D) applied to all data whenever submitted or only to data submitted after the enactment of FIFRA as amended in 1972.

■■■ The Court finds it unnecessary to determine these specific issues. The validity of the Administrator's actions between 1972 and 1975 is not before the Court as the necessary parties are not present, and the only issues involved concern prospective relief. As to plaintiff's claimed constitutional deprivation, the Court finds that plaintiff has failed to demonstrate that it does not have an adequate remedy at law under the Tucker Act. See *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974).

■■■ Even if plaintiff had so demonstrated, Congress acted reasonably in amending FIFRA in 1975 to clarify the ambiguities inherent in the legislation. Accordingly, the Court finds no property right was created that was subsequently denied by any amendment to FIFRA.

■■■ The remaining issues involve Count V of the Amended Complaint. At issue is the Administrator's alleged practice of allowing distributors who have received supplemental registrations as distributors to proceed to manufacture the product involved. Plaintiff asserts that this practice is a flagrant violation of FIFRA because it allows distributors to manufacture without requiring them to submit data in support of the registration and thereby allows them to circumvent Section 3(c)(1)(D) and its requirement for compensation and protection of trade secrets. In response, defendant asserts that the practice is authorized under a reasonable construction of FIFRA.

The parties have stipulated to the entirety of the facts in a stipulation filed on November 30, 1977. The stipulation provides:

"(1) With respect to Count V of this action, defendant acknowledges that in certain instances supplemental registrants have been allowed to manufacture and/or formulate the pesticide products for which they are supplementally registered. Accordingly, the parties are in full agreement, and hereby stipulate, that the issues arising under this Count are purely legal in nature and may be resolved by the Court on the cross-motions for summary judgment which have been filed by the parties with respect thereto;"

The parties are agreed that supplemental registration under FIFRA does not of itself authorize manufacture of pesticide products. Section 3(e) of the Act, 7 U.S.C. § 136a(e), provides for supplemental registrations of products manufactured by the same person, and the defendant's regulations, 40 FR 28247 (July 3, 1975), provide that a supplemental registrant is not empowered by virtue of the supplemental registration ". . . to formulate, package, or otherwise manufacture the pesticide product."

Defendant asserts, however, that Congress recognized that it is a common business practice of different aspects of the production process being performed at separate facilities. Thus, Section 3(b)(1) of the Act, 7 U.S.C. § 136a(b)(1), allows for transfers of non-registered pesticides from one

registered establishment to another registered establishment ". . . operated by the same producer solely for packaging at the second establishment or for use as a constituent part of a pesticide produced at the second establishment . . ." Defendant asserts that the term "operated by the same producer" was Congress' recognition of the common business practice of contracting out for the performance of component activities within the production process. At 40 FR 28246 (July 3, 1975) 40 CFR 162.3(dd), defendant promulgated the following definition of the statutory concept:

> "The term 'operated by the same producer' means (1) another registered establishment owned by the registrant of the pesticide product or (2) another registered establishment operated under contract with the registrant of the pesticide either to package the pesticide product or to use the pesticide as a constituent part of another pesticide product, provided that the final pesticide product is registered by the transferor establishment."

Although plaintiff asserts that this construction of the statute allows Section 3(c)(1)(D) to be circumvented, the use of supplemental registrations to allow production by the same producer at a different establishment does not appear to be contrary to the express provisions of FIFRA and constitutes a reasonable construction of the underlying statute. Although the possibility of serious abuse exists, the complete stipulation of facts does not indicate such abuse has occurred. Accordingly, plaintiff's claims in Count V will be DENIED.

Plaintiff's motion for summary judgment on Count I is GRANTED in part as set forth herein, and as to the remainder, summary judgment is GRANTED in favor of defendant.

A final judgment shall be entered accordingly.

IT IS SO ORDERED.